**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
FRANCES C. ESPOSITO,

                Plaintiff,         **MEMORANDUM OF
                                                  DECISION & ORDER**
          -against-          2:16-cv-04833 (ADS)(ARL)

SUFFOLK COUNTY COMMUNITY
COLLEGE, NANCY GERLI, DIANE BOSCO,
and JEFFREY TEMPERA,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Ellenoff Grossman & Schole LLP**
*Attorneys for the Plaintiff*
1345 Avenue of the Americas 11th Floor
New York, NY 10105
       By:    Amanda M. Fugazy, Esq.,
                Valerie J Bluth, Esq.,
                Paul P. Rooney, Esq.
                Robert James Anderson, Esq., Of Counsel.

**Suffolk County Attorney's Office**
*Attorneys for the Defendants*
100 Vets Memorial Hwy
Hauppauge, NY 11788
       By:    John Richard Petrowski, Assistant County Attorney,
                Dana Kobos, Assistant County Attorney,
                Drew W. Schirmer, Assistant County Attorney,
                Elaine M. Barraga, Assistant County Attorney,
                L. Adriana Lopez, Assistant County Attorney.

**SPATT, District Judge**:

       On March 4, 2019, the Court issued an order denying the Defendants' motion for sanctions, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rules") 11, 12(c) and 37, in part and referring the remainder of the motion to United States Magistrate Judge Arlene R. Lindsay for an evidentiary hearing regarding whether the Plaintiff forged certain doctors notes supporting

her claims for failure to promote, failure to provide reasonable accommodation, and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); Rehabilitation Act, 29 U.S.C. § 701 *et seq.* ("Rehab Act"); New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* ("NYSHRL"); and 42 U.S.C. § 1983 *et seq.* ("Section 1983").

On July 11, 2019, Judge Lindsay issued her findings. She found, by clear and convincing evidence, that the Plaintiff forged or induced the forgery of two letters purportedly authored by Dr. Michael Campo ("Dr. Campo")—an August 8, 2005 letter, ECF 35-4, and an August 9, 2005 letter, ECF 35-6. Conversely, Judge Lindsay found that the Defendants lacked clear and convincing evidence demonstrating that the Plaintiff fraudulently created the doctors notes authored by Dr. Gary DiCanio ("Dr. DiCanio").

The Court conducted a *de novo* review of the proceedings and concurs with Judge Lindsay's findings in their entirety. The Court reminds the Plaintiff that it found that sufficient indicia of forgery existed to satisfy the clear and convincing evidence standard with regard to Dr. Campo's notes based on the motion papers alone. The Court referred the evidentiary hearing to Judge Lindsay because of the seriousness of this charge and to provide the Plaintiff the opportunity to present testimony in her defense. In the Court's view, the transcript of the evidentiary hearing confirms the Court's initial assessment.

Therefore, the Court grants the Defendants' motion for sanctions with respect to the Campo notes, but denies the Defendants' motion with respect to the DiCanio notes. This leaves the Court with the question of the remedy. The Defendants seek dismissal of the action and an award of attorney's fees and costs. The Court awards a lesser sanction, because dismissing the Complaint would be too extreme.

Whether dismissal is appropriate as a sanction is within the discretion of the district court. *See Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir.1996). The Second Circuit, however, has "long recognized that dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness ... [and] repeatedly noted that one of the factors that should inform a trial court's decision is the suitability of lesser sanctions." *Dodson*, 86 F.3d at 39; *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 583 (S.D.N.Y.1996). "Because dismissal sounds the death knell of the lawsuit, district courts must reserve such strong medicine for instances where the defaulting party's conduct is correspondingly egregious." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)

In determining the appropriate sanction for fraud on the court, the courts in this district have considered: "(1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future." *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F.Supp.2d 440, 446 (S.D.N.Y.2002); *Scholastic, Inc. v. Stouffer*, 221 F.Supp.2d 425, 444 (S.D.N.Y.2002). "[W]hen a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process, it can fairly be said that he has forfeited his right to have his claim decided on the merits." *McMunn*, 191 F.Supp.2d at 445.

Here, the Court finds that, without question, the forged notes occurred as a product of intentional bad faith; they were an attempt to prejudice the Defendants; and they were not corrected by the Plaintiff. The Plaintiff fabricated documents that were central to her disability discrimination claims. She carried out an act of deceit which raises fundamental questions

regarding whether she deserves a determination on the merits. Her refusal to acknowledge her untruthfulness, notwithstanding the overwhelming evidence to the contrary, similarly casts doubt on her candor with the Court and her good-faith participation in the truth-finding process. Accompanying these deplorable acts, she gave deposition testimony that, intentional or not, undermines the Court's view of her capacity to be truthful.

That being said, the forgery of the Campo notes is the only duplicitous behavior that the Defendants established by clear and convincing evidence, making the Court unwilling to categorize it as a pattern of misbehavior. Even though the Court strongly condemns the Plaintiff's actions, they are not comparable to cases where courts dismissed claims due to fraud on the court. The malfeasants in those cases engaged in prolonged and repetitive campaigns of egregious conduct designed to prevent the factfinder from discovering the untruthfulness of their claims. *See Shangold v. Walt Disney Co.*, 275 F. App'x 72, 73 (2d Cir. 2008) (plaintiffs based entire case on factual allegation supported by fraudulent evidence, which the plaintiffs reiterated in other evidence and deposition testimony); *McMunn*, 191 F.Supp.2d at 454, 458, 460, 462 (plaintiff lied repeatedly at her deposition, destroyed potentially critical evidence, lied repeatedly in order to conceal the location of a witness, edited tapes so that they would be more favorable to her case than the unedited originals, engaged in a sham real estate transaction to increase her damages, and made no attempt to correct her deceptive conduct).

While the Plaintiff's behavior was certainly egregious, the Court does not find it prolonged or ongoing. Nor would preclusion of the fabricated evidence be fatal to her case. The Plaintiff possesses other non-forged documents supporting the allegation that she informed the Defendants of her disability and requested accommodations, such as the DiCanio notes.

Accordingly, the Court will not dismiss the action. The Court will instead issue the following sanctions: (1) the Plaintiff is precluded from using the Campo notes as affirmative evidence; (2) the Court will inform the jury that the Plaintiff knowingly fabricated or induced the fabrication of documents regarding her requests for accommodations; (3) the Court will inform the jury that they should consider the fabrication of that evidence in determining the weight to accord the Plaintiff's testimony; (4) the Defendants shall be awarded the attorney's fees and costs they incurred in establishing that the Plaintiff fabricated the Campo notes; and (5) the Plaintiff will pay a $5,000 monetary sanction, $2,500 payable to the Defendants and $2,500 payable to the Clerk of the Court.

These sanctions adequately reflect the gravity of the Plaintiff's misconduct and will sufficiently deter future misbehavior. *See Amerisource Corp. v. Rx USA Int'l Inc.*, No. 02-cv-2514, 2010 WL 2730748, at *7 (E.D.N.Y. July 6, 2010) (issuing $100,000 in sanctions for fabricating and altering e-mails used to advance the malfeasant's case); *Rezende v. Citigroup Glob. Markets, Inc.*, No. 09-cv-9392, 2011 WL 1584603, at *7 (S.D.N.Y. Apr. 27, 2011) (awarding attorney's fees as remedy for malfeasant's fabrication of documents); *Jung v. Neschis*, No. 01-cv-6993, 2009 WL 762835, at *23 (S.D.N.Y. Mar. 23, 2009) (awarding preclusion, adverse inference instruction, attorney's fees, and monetary sanction as remedy for malfeasants fabrication of documents).

The Defendants are directed to submit a fee application documenting proof of their expenses within 30 days of this decision. The Plaintiff may put forward any documentation regarding financial hardship that would hinder her ability to pay the Court's sanction as part of any opposition to the reasonableness of the fees sought by the Defendants.

It is **SO ORDERED**:

Dated: Central Islip, New York

July 26, 2019

                                                                            /s/ Arthur D. Spatt

                                                                      ARTHUR D. SPATT

                                                                 United States District Judge