UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCES C. ESPOSITO,                                          Case No. 16-CV-4833 (ADS) (ARL)

                         Plaintiff,

             -against-

SUFFOLK COUNTY COMMUNITY COLLEGE,
NANCY GERLI, DIANE BOSCO, and JEFFREY
TEMPERA,

                         Defendants.
-------------------------------------------------------------------X


**PLAINTIFF'S COUNSEL'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO WITHDRAW**

ELLENOFF GROSSMAN & SCHOLE LLP
Amanda M. Fugazy
Valerie J. Bluth
Paul P. Rooney
1345 Avenue of the Americas, 11th Fl.
New York, New York 10105
Tel: (212) 370-1300
*Attorneys for Plaintiff*

Dated:  August 28, 2019
            New York, New York


{00715469.DOCX.3}

## PRELIMINARY STATEMENT

The Court should grant the motion of Ellenoff Grossman & Schole LLP ("Ellenoff Grossman"), Amanda M. Fugazy, Esq., Valerie J. Bluth, Esq., and Paul P. Rooney, Esq. ("Plaintiff's Counsel") to withdraw from representing Plaintiff Frances C. Esposito ("Plaintiff") in this case.

The Court issued a Memorandum of Decision & Order on July 26, 2019 finding that: (a) Plaintiff had forged two doctor's notes that had been used as evidence in this case; (b) that "the forged notes occurred as a product of intentional bad faith"; (c) Plaintiff's "refusal to acknowledge her untruthfulness, notwithstanding the overwhelming evidence to the contrary, similarly casts doubt on her candor with the Court and her good-faith participation in the truth-finding process"; and (d) "she gave deposition testimony that, intentional or not, undermines the Court's view of her capacity to be truthful." *See Esposito v. Suffolk Cty. Cmty. Coll.*, 2019 WL 3409557, at *2 (E.D.N.Y. July 26, 2019).

In light of the Court's findings, Plaintiff's Counsel desires to withdraw due to professional considerations.

## SUMMARY OF FACTS

Plaintiff is a longtime adjunct professor at Defendant Suffolk County Community College ("SCCC"). Plaintiff brings claims of disability discrimination and retaliation under the Americans with Disabilities Act and the New York State Human Rights Law. *See generally,* Complaint, ECF Dkt. No. 1 ("Compl.").

SCCC has employed Plaintiff as an adjunct professor in its Reading Department since 2003. Compl. ¶ 47.  This case relates to events that took place at SCCC beginning in 2004 with the first act of discrimination alleged to have occurred in 2009. *Id.* ¶¶ 51 53, 91-98.  After

{00715469.DOCX.3}                    1

extended investigation, the United States Equal Employment Opportunity Commission and the United States Department of Justice issued right to sue letters to Plaintiff and she filed her complaint in this case on August 30, 2016. *Id.*, ¶¶ 27-36

Discovery is complete. Fugazy Decl. ¶ 5. No deadlines are pending for filing of summary judgment motions and no trial date is set. The deadline for filing the pretrial order is currently September 17, 2018 and a pretrial conference is currently scheduled for September 18, 2019. *Id.* ¶ 5.

On May 25, 2018, Defendants filed a sanctions motion. On March 4, 2019, the Court denied Defendants' motion in part and referred the remainder for an evidentiary hearing before Hon. Arlene R. Lindsay, Magistrate Judge. On July 11, 2019, Judge Lindsay issued her findings. Those findings are reflected in the Court July 26, 2019 Memorandum of Decision & Order quoted above in the preliminary statement. *See Esposito*, 2019 WL 3409557, at *2.

## ARGUMENT

### POINT I:
### THE COURT SHOULD GRANT PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

The Court should allow Plaintiff's Counsel to withdraw because good grounds for withdrawal exist and the withdrawal will not unduly delay the proceedings.

#### A. Plaintiff's Counsel's Motion Satisfies Local Rule 1.4

Withdrawal of attorneys is governed by Local Civil Rule 1.4 and the New York Rules of Professional Conduct.

Local Civil Rule 1.4 provides, in pertinent part, as follows: "An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or

{00715469.DOCX.3}                    2

otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Rule 1.16 of the Rules of Professional Conduct ("Rule 1.16") subparts (b) and (c) set forth the circumstances when an attorney must withdraw and may withdraw. *See* Fugazy Decl., Ex. "A" (annexing a copy of Rule 1.16).

When considering whether to grant a motion to withdraw under Rule 1.4, a court analyzes two factors: (1) the reasons for withdrawal; and (2) the impact of the withdrawal on the timing of the proceeding. *See, e.g., Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

Plaintiff's Counsel has submitted a declaration herewith showing satisfactory reasons for withdrawal, specifically, findings by the Court that Plaintiff has forged documents and given questionable testimony about them. Such Court findings concerning conduct by a client are grounds for the Court to grant withdrawal for professional considerations under Rule 1.16(c)(3), which provides that "a lawyer may withdraw from representing a client when: . . . (3) the client has used the lawyer's services to perpetrate a crime or fraud." *See* Fugazy Decl., Ex. "A." Moreover, "[w]ithdrawal is . . . permitted if the lawyer's services were misused in the past, even if withdrawal would materially prejudice the client." Rule 1.16(c), Comment [7].

Plaintiff's Counsel will not elaborate further because Comment [3] to Rule 1.16 states, "The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." In fact, an opinion of the New York State Bar Association advises that "the Rules anticipate that the court will usually not demand the disclosure of confidential

information if the lawyer advises the court that 'professional considerations' require withdrawal." *See* N.Y. State Bar Ass'n, Advisory Op. 1057, 2015 WL 4592234, at *3 (2015).

In similar circumstances, Court have granted motions to withdraw based on other states' versions of Rule 1.16(c)(3).  For example, a New Jersey appellate court affirmed a trial court's decision to allow plaintiff's counsel to withdraw where the plaintiff in slip and fall case "had denied [in her deposition testimony] that she was involved in any subsequent accident or injury, even though the [subsequent] accident had occurred only a few months prior to the deposition," and had given "several conflicting explanations . . . as to why she did not mention" it. *Capogrosso v. 30 River Court E. Urban Renewal Co.*, 2009 WL 249202, at *7 (N.J. Super. Ct. App. Div. Feb. 4, 2009).  The appellate court held that "this conduct implicates *RPC* 1.16(b)(3), which allows for withdrawal if a client has used the services of a lawyer to perpetrate a fraud." *Id.*; *see also, Matza v. Matza*, 627 A.2d 414 (Conn. 1993) (allegations that client engaged in fraud justified lawyer's withdrawal, notwithstanding adverse effects on client).  Ethics opinions on the subject also endorse allowing an attorney to withdraw in such circumstances. *See* ABA Formal Ethics Op. 92-366 (1992) (lawyer whose client used lawyer's services in past to perpetrate fraud that is now completed may, but not required to, withdraw); R.I. Ethics Op. 95-38 (1995) (lawyer who "reasonably believe[d] that [client] used the lawyer to perpetrate a fraud upon the Court" was permitted to withdraw, may decline representation of client on appeal).

Ellenoff Grossman is asserting a charging lien.  Fugazy Decl. ¶ 7.

**B. The Court Should Exercise Its Discretion To Grant Withdrawal.**

A court has "considerable discretion in deciding a motion for withdrawal of counsel." *SEC v. Pentagon Capital Mgt. PLC*, 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013).  Courts commonly use that discretion to mitigate or eliminate any potential prejudice to the parties to the

case by briefly staying the underlying proceeding or extending litigation deadlines to give the client time to seek new counsel or prepare to proceed *pro se*. *Ameruso v. City of New York,* 2016 WL 1697602, at *3 (S.D.N.Y. Apr. 27, 2016) (granting withdrawal and stay of 30 days for plaintiff to retain new counsel); *Fischer v. Biman Bangladesh Airlines,* 1997 WL 411446, at *2 (S.D.N.Y. July 18, 1997) (granting withdrawal and allowing defendant 30 days to retain new counsel); *Munoz v. City of New York*, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (granting withdrawal and stay of 60 days for plaintiff to find new counsel).

A 60-day stay and extension of deadlines in this case should be adequate.  In the case at bar, no prejudice will result to either party if the Court were to grant this motion and a 60-day stay to allow plaintiff an opportunity to find new counsel; no party has claimed prejudice as a result of the passage of over 15 months since Defendants made their sanctions motion.  *Id.* Accordingly, the Court should grant withdrawal and a 60-day stay.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant Plaintiff's Counsel's motion to withdraw and impose a 60-day stay of proceedings.

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

BY:_____/S/_____
      Amanda M. Fugazy
      Valerie J. Bluth
      Paul P. Rooney
1345 Avenue of the Americas, 11th Fl.
New York, New York 10105
Tel: (212) 370-1300
*Attorneys for Plaintiff*

Dated:   August 28, 2019
         New York, New York

{00715469.DOCX.3}                    5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCES C. ESPOSITO,                                    Case No. 16-CV-4833 (ADS) (ARL)

                              Plaintiff,                **AFFIRMATION OF SERVICE**

        -against-

SUFFOLK COUNTY COMMUNITY COLLEGE,
NANCY GERLI, DIANE BOSCO, and JEFFREY
TEMPERA,

                              Defendants.
-------------------------------------------------------------------X

        I, Paul P. Rooney, hereby affirm under the penalty of perjury under the laws of

the United States, pursuant to 28 U.S.C. § 1746, that on August 28, 2019, I served a true and

correct copy of the annexed MEMORANDUM OF LAW IN SUPPORT OF MOTION TO

WITHDRAW upon Plaintiff by Regular Mail by depositing a true and correct copy in an

envelope bearing sufficient postage to effect delivery into a depository under the exclusive

control of the U.S. Postal service addressed as follows:

Ms. Frances C. Esposito
27 Balatone Avenue
Ronkonkoma, NY 11779

        I affirm under the penalty of perjury under the laws of the United States that the

foregoing is true and correct.  Executed on August 28, 2019.

                                                _____
                                                Paul P. Rooney