UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FRANCES C. ESPOSITO,

                    Plaintiff,

        -against-

SUFFOLK COUNTY COMMUNITY COLLEGE,
NANCY GERLI, DIANE BOSCO, and JEFFREY
TEMPERA,

                    Defendants.

-------------------------------------------------------------------X

Case No. 16-CV-4833 (ADS) (ARL)

**DECLARATION OF
AMANDA M. FUGAZY IN
SUPPORT OF PLAINTIFF'S
COUNSEL'S MOTION TO
WITHDRAW**

I, AMANDA M. FUGAZY, ESQ. hereby declare, under the penalty of perjury under the laws of the United States pursuant to 28 U.S.C. § 1746 as follows:

1.     I am a partner in the law firm of Ellenoff Grossman & Schole LLP ("Ellenoff Grossman"). I, Ellenoff Grossman, Valerie J. Bluth, Esq., and Paul P. Rooney, Esq., (collectively "Plaintiff's Counsel") represent Plaintiff Frances C. Esposito ("Plaintiff") in the above-captioned civil action. I give this declaration in support of Plaintiff's Counsel's motion to withdraw.

2.     On July 26, 2019, the Court issued a Memorandum of Decision & Order finding that Plaintiff had forged doctor's notes that Plaintiff's Counsel had submitted as evidence in these court proceedings and "gave deposition testimony that, intentional or not, undermines the Court's view of her ability to be truthful." *See Esposito v. Suffolk Cty. Cmty. Coll.*, 2019 WL 3409557, at *2 (E.D.N.Y. July 26, 2019).

3.     In light of that ruling, Plaintiff's Counsel desires to withdraw from representing Plaintiff in this case because of professional considerations.

4.     Professor Esposito has been informed of our intent to file the instant motion.

{00715451.DOCX.1}

5.      Discovery in this case has been completed.  No trial date has been set and there is no deadline set for filing of a summary judgment motion.  The pretrial order is currently due to be filed on September 17, 2019 and a pretrial conference is currently scheduled for September 18, 2019.

6.      We believe that, should our motion to withdraw be granted, with reasonably extended deadlines, the parties can complete the case without undue delay. The sanctions motion proceedings took approximately 15 months to complete; no party complained of undue prejudice from that delay.  There is no indication that a stay of 60 days would prejudice any party to this case.

7.      Plaintiff's Counsel does intend to impose a charging lien.

8.      A true and correct copy of Rule 1.16 of the New York Rules of Professional Responsibility is annexed hereto as Exhibit "A."

9.      The foregoing statements are true and correct.  Executed on August 28, 2019.

By:_____
        Amanda M. Fugazy

# EXHIBIT A

McKinney's Consolidated Laws of New York Annotated
  Judiciary Law (Refs & Annos)
    Appendix
      Rules of Professional Conduct [eff. April 1, 2009. As Amended to March 15, 2019.] (Refs & Annos)
        Client-Lawyer Relationship

Rules of Prof. Con., Rule 1.16 McK.Consol.Laws, Book 29 App.

Rule 1.16. Declining or Terminating Representation

Currentness

(a) A lawyer shall not accept employment on behalf of a person if the lawyer knows or reasonably should know that such person wishes to:

(1) bring a legal action, conduct a defense, or assert a position in a matter, or otherwise have steps taken for such person, merely for the purpose of harassing or maliciously injuring any person; or

(2) present a claim or defense in a matter that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of existing law.

(b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:

(1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

(3) the lawyer is discharged; or

(4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.

(c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;

(5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;

(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;

(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

(8) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal;

(9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(10) the client knowingly and freely assents to termination of the employment;

(11) withdrawal is permitted under Rule 1.13(c) or other law;

(12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal; or

(13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

(d) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(e) Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.

## Comment

[1] A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded. *See* Rules 1.2(c), 6.5; *see also* Rule 1.3, Comment [4].

**Mandatory Withdrawal**

[2] A lawyer ordinarily must decline or withdraw from representation under paragraph (a), (b)(1) or (b)(4), as the case may be, if the client demands that the lawyer engage in conduct that is illegal or that violates these Rules or other law. The lawyer is not obliged to decline or withdraw simply because the client suggests such a course of conduct; a client may make such a suggestion in the hope that a lawyer will not be constrained by a professional obligation.

[3] Court approval or notice to the court is often required by applicable law, and when so required by applicable law is also required by paragraph (d), before a lawyer withdraws from pending litigation. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 and Rule 3.3.

**Discharge**

[4] As provided in paragraph (b)(3), a client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services. Where future dispute about the withdrawal may be anticipated, it may be advisable to prepare a written statement reciting the circumstances.

[5] Whether a client can discharge appointed counsel may depend on applicable law. A client seeking to do so should be given a full explanation of the consequences. These consequences may include a decision by the appointing authority that appointment of successor counsel is unjustified, thus requiring self-representation by the client.

[6] If the client has severely diminished capacity, the client may lack the legal capacity to discharge the lawyer, and in any event the discharge may be seriously adverse to the client's interests. The lawyer should make special effort to help the client consider the consequences and may take reasonably necessary protective action as provided in Rule 1.14(b).

**Optional Withdrawal**

[7] Under paragraph (c), a lawyer may withdraw from representation in some circumstances. The lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests. Withdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it. Withdrawal is also permitted if the lawyer's services were misused in the past, even if withdrawal would materially prejudice the client. The lawyer may also withdraw where the client insists on taking action with which the lawyer has a fundamental disagreement.

[7A] In accordance with paragraph (c)(4), a lawyer should use reasonable foresight in determining whether a proposed representation will involve client objectives or instructions with which the lawyer has a fundamental disagreement. A client's intended action does not create a fundamental disagreement simply because the lawyer disagrees with it. *See* Rule 1.2 regarding the allocation of responsibility between client and lawyer. The client has the right, for example, to accept or reject a settlement proposal; a client's decision on settlement involves a fundamental disagreement only when no reasonable person in the client's position, having regard for the hazards of litigation, would have declined the settlement. In addition, the client should be given notice of intent to withdraw and an opportunity to reconsider.

[8] Under paragraph (c)(5), a lawyer may withdraw if the client refuses to abide by the terms of an agreement concerning fees or court costs (or other expenses or disbursements).

**Rule 1.16. Declining or Terminating Representation, NY ST RPC Rule 1.16**

[8A] Continuing to represent a client may impose an unreasonable burden unexpected by the client and lawyer at the outset of the representation. However, lawyers are ordinarily better suited than clients to foresee and provide for the burdens of representation. The burdens of uncertainty should therefore ordinarily fall on lawyers rather than clients unless they are attributable to client misconduct. That a representation will require more work or significantly larger advances of expenses than the lawyer contemplated when the fee was fixed is not grounds for withdrawal under paragraph (c)(5).

**Assisting the Client upon Withdrawal**

[9] Even if the lawyer has been unfairly discharged by the client, under paragraph (e) a lawyer must take all reasonable steps to mitigate the consequences to the client. The lawyer may retain papers as security for a fee only to the extent permitted by law. *See* Rule 1.8(i)(1).

Notes of Decisions (121)

Rules of Prof. Con., Rule 1.16 McK. Consol. Laws, Book 29 App., NY ST RPC Rule 1.16
Current with amendments through March 15, 2019.

End of Document
© 2019 Thomson Reuters. No claim to original U.S. Government Works.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

FRANCES C. ESPOSITO,                                   Case No. 16-CV-4833 (ADS) (ARL)

                        Plaintiff,                     **AFFIRMATION OF SERVICE**

        -against-

SUFFOLK COUNTY COMMUNITY COLLEGE,
NANCY GERLI, DIANE BOSCO, and JEFFREY
TEMPERA,

                        Defendants.
------------------------------------------------------------------X

        I, Paul P. Rooney, hereby affirm under the penalty of perjury under the laws of

the United States, pursuant to 28 U.S.C. § 1746, that on August 28, 2019, I served a true and

correct copy of the annexed DECLARATION OF AMANDA M. FUGAZY IN SUPPORT OF

MOTION TO WITHDRAW upon Plaintiff by Regular Mail by depositing a true and correct

copy in an envelope bearing sufficient postage to effect delivery into a depository under the

exclusive control of the U.S. Postal service addressed as follows:

Ms. Frances C. Esposito
27 Balatone Avenue
Ronkonkoma, NY 11779

        I affirm under the penalty of perjury under the laws of the United States that the

foregoing is true and correct.  Executed on August 28, 2019.

                                                _____
                                                Paul P. Rooney

{00717049.DOCX.1}